IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 19 C 3692 |
| | ) | |
| VICTOR CALLOWAY, Warden, | ) | Judge John Z. Lee |
| Danville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

In August 2010, the Circuit Court of Will County convicted Petitioner Steven Butler of possession of a controlled substance and unlawful use of a weapon. Butler's *pro se* habeas corpus petition challenging those convictions is now before the Court. *See* 28 U.S.C. § 2254. For the reasons below, that petition is denied.

**Background**

A jury convicted Butler of two counts of possession of a controlled substance with intent to deliver, three counts of unlawful use of a weapon by a felon, and two counts of defacing firearms' serial numbers. *See Illinois v. Butler*, No. 3-10-0854, 2012 WL 7005201, at ¶ 1 (Ill. App. Ct. Jun. 8, 2012). Butler challenged those convictions before an Illinois appellate court, which remanded for resentencing. *See id.* ¶ 17.

When the trial court imposed the same sentence, Butler appealed again. *See generally Illinois v. Butler*, No. 3-13-0026, 2014 WL 812814 (Ill. App. Ct. Feb. 27,

1

2014). At that point, the state appellate court vacated the convictions for possession of a defaced firearm, but affirmed the other convictions. *Id*. ¶ 35. And, although Butler asked the Illinois Supreme Court for leave to appeal, that request was denied on January 28, 2015. *See Illinois v. Butler*, 23 N.E.3d 1202 (Ill. 2015) (Table). Butler opted not to petition the United States Supreme Court for a writ of certiorari. *See* § 2254 Pet. at 3–6, ECF No. 1.

With his direct appeals exhausted, Butler next pursued collateral relief in state court. *See* 735 Ill. Comp. Stat. 5/122-1 *et seq*. Butler placed his state habeas corpus petition in the institutional mail on October 26, 2016, and the Circuit Court of Will County received it on November 9, 2015. Def.'s Ex. D, State Petition for Post-Conviction Relief ("State Pet.") at 1, 6, ECF No. 8-4. That court rejected Butler's petition on December 1, 2015. Def.'s Ex. E, *Illinois v. Butler*, No. 09-CF-2662, slip op. at 1–3, ECF No. 8-5. An Illinois appellate court affirmed, *see* Def.'s Ex. E, *Illinois v. Butler*, No. 3-16-0030, slip op. at 4, ECF No. 8-6, and the Illinois Supreme Court denied leave to appeal on May 30, 2018, *see Illinois v. Butler*, 98 N.E.3d 32 (Table) (Ill. 2018).

Almost a year later, on May 29, 2019, Butler mailed his 28 U.S.C. § 2254 petition to this Court. § 2254 Pet. at 14. That petition presents the following claims: (1) warrantless arrest in violation of the Fourth Amendment, (2) ineffective assistance of pretrial and appellate counsel, (3) violation of the double jeopardy clause, and (4) denial of due process as a result of allegedly false testimony introduced at trial. *See id*. at 6–11.

2

## Analysis

The parties' only disagreement is whether Butler's petition is time-barred. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody." 28 U.S.C. § 2244(d)(1). That limitations period usually starts on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). "This one-year period is statutorily tolled for the time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *Carpenter v. Douma*, 840 F.3d 867, 869 (7th Cir. 2016) (citing 28 U.S.C. § 2244(d)(2)).

A straightforward application of these principles confirms that Butler's petition is time-barred. The limitations period started to run on April 28, 2015, the first day that Butler could no longer seek direct review before the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who fail to seek a writ of certiorari, "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"); *see also* Sup. Ct. R. 13 ("[A] petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment.").

Nothing paused the clock until October 22, 2016, when Butler dispatched his petition for state post-conviction relief. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) ("[F]or statute of limitations purposes, a [habeas] petition is deemed

3

filed when given to the proper prison authorities"). By then, at least 181 days—about six months, or half of the limitations period—had already passed. Once Butler's state petition was pending, the statute of limitations was tolled until May 30, 2018, when the Illinois Supreme Court denied the petition for leave to appeal. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) ("[T]he filing of a petition for certiorari [before the United States Supreme Court] does not toll the statute of limitations under § 2244(d)(2)."). The next day, the clock started ticking again.

Even though only six months of the limitations period remained, Butler delayed. Indeed, he waited nearly twice that long—until May 29, 2019—to file his § 2254 petition. At that point, the limitations period had long since expired. Thus, Butler's claim is time-barred.

Although Butler advances two counterarguments, neither is persuasive. First, he points out that "Illinois law gives a prisoner a maximum of six months from the conclusion of direct review to commence a collateral attack." Pl.'s Reply at 2, ECF No. 9 (citing *Brooks v. Walls*, 301 F.3d 839, 840 (7th Cir. 2002)). But that does not mean that the limitations period is tolled during that time. Under 28 U.S.C. § 2244(d)(2), the clock pauses only when "a properly filed application . . . is pending." So, while state law permitted Butler to wait six months before filing his petition for post-conviction relief, that did not prevent the statute of limitations as to his federal habeas petition from advancing until he did so.

Second, Butler briefly suggests that this Court should disregard the statute of limitations because "there is no timeline for actual innocence." Pet. Reply at 3,

4

ECF No. 9. It is true that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Yet the alleged constitutional deficiencies Butler highlights—namely, procedural problems with the search warrant and indictment—could only support a claim for "legal or technical innocence . . . not actual innocence." *Pulido v. Dorethy*, No. 12 C 7209, 2019 WL 5550583, at *3 (N.D. Ill. Oct. 28, 2019) (citing *Bousley v. U.S.*, 523 U.S. 614, 623 (1998)). In any event, "[a] claim of innocence must be both credible and founded on new evidence," and Butler's petition fails to mention new evidence of any kind. *Arnold v. Dittman*, 901 F.3d 830, 836–37 (7th Cir. 2018). Accordingly, the statute of limitations bars Butler's § 2254 petition.

## Conclusion

For the reasons given above, Butler's petition for a writ of habeas corpus is denied. The Court declines to issue a certificate of appealability because Butler has not made a "substantial showing of the denial of a constitutional right" such that reasonable jurists could debate this Court's resolution of the case. 28 U.S.C. § 2253(c)(2); *Sanchez-Rengifo v. Caraway*, 789 F.3d 532, 535–36 (7th Cir. 2015) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)). This case is terminated.

IT IS SO ORDERED　　　　　　　　ENTER: 5/20/20

_____
**JOHN Z. LEE**
**United States District Judge**

5